**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **APOSTOLOS XANTHOPOULOS, PhD,** | |
| Plaintiff, | |
| v. | No. 22-cv-6792 |
| **MARSH & MCLENNAN COMPANIES, INC., D/B/A MERCER INVESTMENT CONSULTING, and MERCER (US), INC.,** | |
| Defendants. | |

**<u>NOTICE OF REMOVAL</u>**

Defendants Marsh & McLennan Companies, Inc.,[1] and Mercer (US), Inc. (hereinafter collectively, "Mercer"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of the removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of the Notice of Removal, Mercer respectfully submits as follows:

**I. STATE COURT ACTION**

1. Plaintiff Apostolos Xanthopoulos commenced a civil action by filing a Complaint on or about September 30, 2022, against Mercer in the Circuit Court of Cook County, Illinois County Department, Law Division, captioned *Apostolos Xanthopoulos, PhD v. Marsh & McLennan Companies, Inc., D/B/A Mercer Investment Consulting, and Mercer (US), Inc.*, Case No. 2022-L-008868 (hereinafter "State Court Action"). (Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Complaint).

---

[1] The complaint incorrectly states that Mercer Investment Consulting LLC is a d/b/a of Marsh & McLennan Companies, Inc. Defendants intend to move to amend the caption.

2.     The original Complaint was not served on Mercer.

3.     Plaintiff filed an Amended Complaint on October 17, 2022.

4.     Plaintiff served Mercer with the Amended Complaint in the State Court Action on November 4, 2022. (A true and correct copy of the Service of Summons, including the Amended Complaint, is attached hereto as Exhibit B).

5.     The Amended Complaint alleges retaliatory discharge and retaliation in violation of the Illinois Whistleblower Act ("IWA") (740 ILCS § 174/1, *et seq.*). (*See* Exhibit B).

## II.     TIMELINESS AND VENUE

6.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days after the receipt of a copy of the Complaint by Mercer. No previous Notice of Removal has been filed or made with this Court for the relief sought.

7.     Pursuant to 28 U.S.C. §§ 118(a), 1391(b)(2), and 1441(a), venue is proper in the United States District Court for the Northern District of Illinois, insofar as Cook County, which is where Plaintiff filed the instant action, is within the district and division embraced by this Court.

## III.     DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

8.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### A.     There is complete diversity of citizenship

9.     The Plaintiff and Mercer are citizens of different states.

10.     Plaintiff Apostolos Xanthopoulos alleges that he is a resident of the Village of Mt. Prospect, Illinois (*see* Exhibit B at ¶1), and, upon information and belief, has made and intends to continue to make Illinois his primary residence for the indefinite future. For purposes of diversity,

an individual is a citizen of the state in which he or she resides. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Therefore, Xanthopoulos is a citizen of Illinois for purposes of diversity.

11.    Marsh & McLennan Companies, Inc. is a corporation headquartered in the State of New York and incorporated in the State of Delaware. (*See* Exhibit C, Declaration of Karen Cook, at ¶5).

12.    Mercer (US), Inc. is a corporation headquartered in the State of New York and incorporated in the State of Delaware. (*See* Exhibit C at ¶6).

13.    For purposes of diversity, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-1 (2010) (a corporation's principal place of business is its "nerve center," typically found at a corporation's headquarters, or the place where its officers direct, control, and coordinate the corporation's activities).

14.    Thus, both Marsh & McLennan Companies, Inc. and Mercer (US), Inc. are not citizens of Illinois, but rather citizens of the State of New York and Delaware for purposes of 28 U.S.C. § 1332.

15.    Diversity of citizenship existed between Xanthopoulos at the time he commenced the State Court Action and continues to exist at the time of filing this Notice of Removal.

**B.    The amount in controversy exceeds $75,000**

16.    Pursuant to 28 U.S.C. § 1446(c), "the notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief" or if the Complaint seeks a "a money judgment" and there may be a "recovery of damages in excess of the amount demanded."

17.    The proponent of jurisdiction is only required to show by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *See Oshana v. Coca-*

*Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). A defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, 2007 U.S. Dist. LEXIS 21135, *6 (N.D. Ill. 2007). Indeed, where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511.

18.     In his Complaint, Xanthopoulos does not provide a limit on the amount of damages he is seeking. Xanthopoulos merely indicates that the amount in controversy is "in excess of $50,000.00." (*See* Exhibit B at "Wherefore" clause).

19.     Xanthopoulos seeks damages for "reinstatement with the same seniority status that the employee would have had, but for the violation; back pay, with interest; and compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees." (*See* Exhibit B at ¶31).

20.     Mercer terminated Xanthopoulos's employment on October 3, 2017. (*See* Exhibit B, ¶20). Xanthopoulos alleges Mercer terminated his employment "in retaliation for his negative review, his dissemination of the same, and his filing of TCR reports with the Security and Exchange Commission." (*See* Exhibit B at ¶22).

21.     Xanthopoulos now seeks backpay with interest, or five years of lost wages with interest. (*See* Exhibit B at ¶¶ 20, 31). Based on his starting salary, that amount would exceed $75,000. (*See* Exhibit C at ¶4).

22.     In prior litigation against Mercer, Xanthopoulos calculated his own backpay damages as $868,082.05, as of June 22, 2021. (*See* Exhibit D).

23.     Xanthopoulos cannot dispute that he seeks damages in excess of the $75,000 threshold. *See, e.g., Hoidas v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 43558, *8 (N.D. Ill.

2010) ("Given [the plaintiff's] admission that she seeks more than $50,000 coupled with her claims of lost work, decreased earning capacity, and continued medical bills, the Court finds that [the defendant] has met its burden of . . . [establishing] the jurisdictional minimum").

24.     Mercer has a good faith belief that the amount in controversy requirement exceeds $75,000.00, exclusive of interest and costs.

25.     The requirements of 28 U.S.C. § 1332(a) have been met because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

26.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is proper.

## IV.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

27.     By reason of the foregoing and pursuant to 28 U.S.C. § 1441, Mercer desires and is entitled to have this case removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

28.     All documents filed in the State Court Action are attached hereto as Exhibits A and B. (Attached hereto as Exhibit E is a true and correct copy of the Circuit Court of Cook County, Illinois Docket).

29.     Attached as Exhibit F is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Apostolos Xanthopoulos, as required by 28 U.S.C. § 1446(d), through his attorneys, Peter S. Stamatis, Esq., Peter S. Stamatis, PC, 33 North LaSalle Street, Suite 2000 , Chicago, Illinois 60601.

30.     As required by 28 U.S.C. § 1446(d), promptly after filing this Notice, the undersigned will provide written notice to Xanthopoulos and file a copy with the Circuit Court of

Cook County, Illinois. (Attached hereto as Exhibit G is a true and correct copy of the Notice to State Court of Filing Notice of Removal).

**WHEREFORE**, Marsh & McLennan Companies, Inc., and Mercer (US), Inc. respectfully requests that this case be removed to the United States District Court for the Northern District of Illinois, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Dated: December 2, 2022                                    Respectfully submitted,


                                                          /s/ Shanthi V. Gaur
                                                          By Its Attorneys

Shanthi V. Gaur, IL Bar No. 06224996
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
sgaur@littler.com

Edward T. Ellis, PA Bar No. 23680
Alexa J. Laborda Nelson, PA Bar No. 314652
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131
eellis@littler.com
alabordanelson@littler.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Shanthi V. Gaur, hereby certify that on this 2nd day of December 2022, I filed the

foregoing ***Notice of Removal*** with the Clerk of the Court, using the court's CM/ECF system, and

to be served by electronic mail and U.S. Mail upon the following:

Peter S. Stamatis, Esq.
Peter S. Stamatis, PC
33 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Peter@StamatisLegal.com

*Attorney for Plaintiff Apostolos Xanthopoulos*

*/s/ Shanthi V. Gaur*
Shanthi V. Gaur

# EXHIBIT A

FILED
9/30/2022 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008868
Calendar, T
19724107

FILED DATE: 9/30/2022 8:16 PM   2022L008868

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| APOSTOLOS XANTHOPOULOS, PhD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no: 22 L _____ |
| ) | |
| MARSH & MCLENNAN ) | Plaintiff requests trial by jury |
| COMPANIES, INC., D/B/A MERCER ) | |
| INVESTMENT CONSULTING, and ) | |
| MERCER (US), INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Apostolos Xanthopoulos, PhD, for his complaint against Marsh &

McLennan Companies, Inc., d/b/a Mercer Investment Consulting ("Mercer") and

Mercer (US), Inc., states as follows:

### BACKGROUND INFORMATION

1.      Apostolos Xanthopoulos ("Dr. Xanthopoulos") is an individual and

resident of the Village of Mt. Prospect, County of Cook, State of Illinois.

2.      Marsh & McLennan Companies, Inc., d/b/a Mercer Investment Consulting

("Mercer") and Mercer (US) Inc. are Corporations (collectively "Mercer"), each with an

office located in the City of Chicago, County of Cook, State of Illinois.

3.      In or about 1983, Dr. Xanthopoulos immigrated to the United States from

Greece.  In 1985, he received his BS in Finance from Kent State University.  In 1987, he

FILED DATE: 9/30/2022 8:16 PM    2022L008868

received his Master of Arts in Economics from the University of Texas at Arlington, and

two years after that, in 1989, he received his MBA in finance, also from the University of

Texas.

4.       After working in the finance industry for several years, in 2009,

Dr. Xanthopoulos received his Doctor of Philosophy – PhD, Management Science -

Finance – from the Illinois Institute of Technology.

5.       Several years later, in or about 2012, while Dr. Xanthopoulos was working

as a Professor of Economics at Benedictine University, Mercer began recruiting him as a

potential employee.

6.       On or about October 8, 2013, Mercer offered Dr. Xanthopoulos a position

as a Manager Research Consultant in its Investment Business.

7.       The following day, on or about October 9, 2013, Dr. Xanthopoulos

accepted the offer and later began working at Mercer.

8.       The following month, Paul Cavalier ("Cavalier"), an executive who was

one of Dr. Xanthopoulos's superiors, enlisted Dr. Xanthopoulos to perform a study to

show that Mercer Investment Consulting's ratings of its own funds were accurate.

Dr. Xanthopoulos understood defendants would use his study in its marketing

materials.  In other words, Cavalier wanted Dr. Xanthopoulos to perform a study that it

could use to tell its customers that Mercer was accurately representing to is customers

the excellent performance of its financial products.

FILED DATE: 9/30/2022 8:16 PM   2022L008868

9.      In or about March 3, 2014, Dr. Xanthopoulos completed his study of Mercer's ratings of its funds and presented his findings. For Mercer, the results were not good. Dr. Xanthopoulos concluded, in sum and substance, that Mercer had overstated the success of its funds and had therefore disseminated false and misleading information to its customers.

10.     Dr. Xanthopoulos's negative review of Mercers self-ratings caused quite a stir at Mercer.  Cavalier immediately flew from London to Chicago to shut down Dr. Xanthopoulos's study, which he promptly did.

11.     As a result of his study, Dr. Xanthopoulos was switched to another position and was advised by others at Mercer that his boss, (Cavalier's subordinate), Bryon Willy ("Willy"), no longer "liked him." In about October of 2014, Willy advised Dr. Xanthopoulos that he should leave Mercer voluntarily and that Willy would help him try to find another position, either at Mercer or even at another company. Afterwards, Dr. Xanthopoulos was demoted, but continued working at Mercer.

12.     After it became clear to Dr. Xanthopoulos that Mercer was going to continue to disseminate what he considered to be ratings of its own funds that did not capture reality, totally filed a Tip, Complaint or Referral ("TCR") with the Securities and Exchange Commission, advising the SEC of Mercer's conduct.

13.     Dr. Xanthopoulos continued working for Mercer and on or about August 13, 2015 filed a second TCR with the Securities and Exchange Commission.

3

FILED DATE: 9/30/2022 8:16 PM    2022L008868

14.    In or about early 2016, Mercer began to write up Dr. Xanthopoulos with negative performance reviews. In June of 2016, Mercer subjected him to a "written counseling period" and then wrote him up again in August of 2017 in what they called Dr. Xanthopoulos's "final warning." On or about October 3, 2017, Mercer terminated Dr. Xanthopoulos. Afterwards, Dr. Xanthopoulos filed several more TCR complaints with the Securities and Exchange Commission.

**Count I – Retaliatory Discharge**

15.    As a result of Dr. Xanthopoulos's negative review of Mercer's ratings of its own funds and his refusal to amend those ratings, Mercer began to steadily demote Dr. Xanthopoulos, and ultimately, Mercer fired Dr. Xanthopoulos.

16.    Dr. Xanthopoulos's termination was in retaliation for his negative review, his dissemination of the same, and his filing of TCR reports with the Security and Exchange Commission.

17.    Dr. Xanthopoulos's discharge clearly violates a mandated public policy of the State of Illinois including its interest in promoting accurate financial information and the protection of its residents from financial harm which would result from Mercer's inaccurate reporting about the performance of its funds.

WHEREFORE, APOSTOLOS XANTHOPOULOS, plaintiff, respectfully requests that this Honorable Court entered judgment in his behalf and against defendants in an amount in excess of $50,000, to be determined at trial.

4

FILED DATE: 9/30/2022 8:16 PM   2022L008868

## Count II – Violation of the Illinois Whistleblower Act
### 740 ILCS 174/1 *et. seq.*

1-14.   Plaintiff adopts and religious the allegations contained in paragraphs one through 14 as though set forth herein.

18.   At all relevant times, there existed an Illinois statute known as the Illinois "Whistleblower Act," 740 ILCS 174/1 et. seq.

19.   The Whistleblower Act provides:

**Sec. 15. Retaliation for certain disclosures prohibited.**
   (a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

   (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.
740 ILCS 174/15

20.   The Whistleblower Act further provides:

**Sec. 20. Retaliation for certain refusals prohibited.**
An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act.
(740 ILCS 174/20)

21.   As for damages for a violation of the Whistleblower Act, it provides:

**Sec. 30. Damages.**

5

FILED DATE: 9/30/2022 8:16 PM    2022L008868

If an employer takes any action against an employee in violation of Section 15 or 20, the employee may bring a civil action against the employer for all relief necessary to make the employee whole, including but not limited to the following, as appropriate:

(1) reinstatement with the same seniority status that the employee would have had, but for the violation;
(2) back pay, with interest; and
(3) compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees.
(740 ILCS 174/30)

22.     As a result of Dr. Xanthopoulos's negative review of Mercer's ratings of its own funds and his refusal to amend those ratings, Mercer began to steadily demote Dr. Xanthopoulos, and ultimately, Mercer fired Dr. Xanthopoulos.

23.     Dr. Xanthopoulos's termination was in retaliation for his negative review, his dissemination of the same, and his filing of TCR reports with the Security and Exchange Commission.

24.     As a result of Dr. Xanthopoulos's discharge as set forth above, he was damaged and herein seeks:

(1)     reinstatement with the same seniority status that the employee would have had, but for the violation;
(2)     back pay, with interest; and
(3)     compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees.

WHEREFORE, APOSTOLOS XANTHOPOULOS, PhD., plaintiff, respectfully requests that this Honorable Court enter judgment in his behalf and against defendants

6

FILED DATE: 9/30/2022 8:16 PM 2022L008868

and grant him: 1) his reinstatement to the position at Mercer with the same seniority status that he would have had if he had not been terminated, 2) back pay with interest; 3) compensation for the damages he sustained as a result of the violation, including litigation costs, expert witness fees, and; 4) the reasonable attorney's fees incurred in his prosecution of this action.

Respectfully submitted,

Dated September 30, 2022

Peter S. Stamatis
Lawyer for Plaintiff

Law Offices of Peter S. Stamatis, PC
33 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
312-606-0045
Peter@StamatisLegal.com
Attorney Code: 33795

# EXHIBIT B



**CT Corporation**
**Service of Process Notification**
11/04/2022
CT Log Number 542616836

## Service of Process Transmittal Summary

**TO:**    Rosalind Chandler
Marsh & Mclennan Companies, Inc.
1166 AVENUE OF THE AMERICAS FL 23
NEW YORK, NY 10036-2719

**RE:**    **Process Served in Illinois**

**FOR:**    Mercer Investment Consulting, Inc.  (Domestic State: KY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Apostolos Xanthopoulos, PhD vs. Marsh & McLennan Companies, Inc. |
| **CASE #:** | 2022L008868 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/04/2022 at 11:22 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  MARINA AULOV  marina.aulov@mmc.com |
| | Email Notification,  Rosalind Chandler  rosalind.chandler@mmc.com |
| | Email Notification,  Sub Poena  subpoena@mmc.com |
| | Email Notification,  Philanthia Sankarsingh  philanthia.sankarsingh@mmc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 208 South LaSalle Street |
| | Suite 814 |
| | Chicago, IL 60604 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                               Fri, Nov 4, 2022
**Server Name:**                     Sheriff Drop

| | |
|---|---|
| Entity Served | MERCER INVESTMENT CONSULTING |
| Case Number | 2022L008868 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



```
* 5 0 2 2 5 0 0 2 *
```

FILED
10/17/2022 11:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008868
Calendar, T
19927744

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                    (03/15/21) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Apostolos Xanthopoulos, PhD

                                        Plaintiff(s)

                    v.

Marsh & McLennan Companies, Inc., d/b/a          Case No.    2022 L 008868
Mercer Investment Consulting, and
Mercer (US), Inc.

                                        Defendant(s)

Mercer Investment Consulting
c/o Registered Agent CT Corporation System
208 S LaSalle St, Suite 814
Chicago, IL  60604

                    Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is NOT a court date. It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons                                                    (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 33795

◯ Pro Se 99500

Name: Law Offices of Peter S. Stamatis, PC

Atty. for (if applicable):

Apostolos Xanthopoulos, PhD

Address: 33 N LaSalle St, Suite 2000

City: Chicago

State: IL     Zip: 60601

Telephone: 312-606-0045

Primary Email: Peter@StamatisLegal.com

Witness date

10/17/2022 11:08 PM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
            OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

* 5 0 2 2 5 0 0 2 *
FILED
10/17/2022 11:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008868
Calendar, T
19927744

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Apostolos Xanthopoulos, PhD

Plaintiff(s)

v.

Marsh & McLennan Companies, Inc., d/b/a Mercer Investment Consulting, and Mercer (US), Inc.

Defendant(s)

Case No. 2022 L 008868

Mercer Investment Consulting
c/o Registered Agent CT Corporation System
208 S LaSalle St, Suite 814
Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail ● Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons

• (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 33795

○ Pro Se 99500

Name: Law Offices of Peter S. Stamatis, PC

Atty. for (if applicable):

Apostolos Xanthopoulos, PhD

Address: 33 N LaSalle St, Suite 2000

City: Chicago

State: IL   Zip: 60601

Telephone: 312-606-0045

Primary Email: Peter@StamatisLegal.com

Witness date _____

10/17/2022 11:08 PM IRIS Y. MARTINEZ

_____

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois

**cookcountyclerkofcourt.org**

Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

\* 5 0 2 2 5 0 0 2 \*

FILED
10/17/2022 11:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008868
Calendar, T
19927744

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| APOSTOLOS XANTHOPOULOS, PhD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case no: 22 L 008868 |
| | ) | Calendar T |
| | ) | Hon. Daniel J. Kubasiak |
| MARSH & MCLENNAN | ) | Plaintiff requests trial by jury |
| COMPANIES, INC., D/B/A MERCER | ) | |
| INVESTMENT CONSULTING, and | ) | |
| MERCER (US), INC. | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff, Apostolos Xanthopoulos, PhD, for his Amended Complaint against

Marsh & McLennan Companies, Inc., d/b/a Mercer Investment Consulting and Mercer

(US), Inc., states as follows:

### BACKGROUND INFORMATION

### *The Parties*

1.     Apostolos  Xanthopoulos("Toli" or "Dr. Xanthopoulos") is an individual

and resident of the Village of Mt. Prospect, County of Cook, State of Illinois.

2.     Marsh & McLennan Companies, Inc., d/b/a Mercer Investment consulting

("Mercer") and Mercer (US) Inc. are Corporations (collectively "Mercer"), each with an

office located in the City of Chicago, County of Cook, State of Illinois.

1

### *Dr. Xanthopoulos's Schooling and PhD Degree*

3.      In or about 1983, Dr. Xanthopoulos immigrated to the United States from Greece.  In 1985, he received Bachelor of Science degree in finance from Kent State University.  In 1987, he received his Master of Arts in Economics from the University of Texas at Arlington, and two years after that, in 1989, he received his Master of Business Administration in finance, also from the University of Texas.

4.      After working in the finance industry for several years, in 2009, Dr. Xanthopoulos received his Doctor of Philosophy – PhD, Management Science – Finance, from the Illinois Institute of Technology.

### *Mercer Recruits Dr. Xanthopoulos*

5.      Several years later, in or about 2012 and while Dr. Xanthopoulos was working as a Professor of Economics at Benedictine University, Mercer began recruiting him as a potential employee.

6.      On or about October 8, 2013, Mercer offered Dr. Xanthopoulos a position as a Manager Research Consultant in its Investment Business.

7.      The following day, on or about October 9, 2013, Dr. Xanthopoulos accepted the offer and soon thereafter began working at Mercer.

### *Mercer's Portfolio Manager Rating System*

8.      Mercer rates the funds and portfolios offered to investors by almost all of the portfolio managers in the world.  Mercer charges its customers certain fees for these

ratings that customers then use in the making of their investment decisions. In or about 2017, Mercer's ratings of portfolio managers were as follows:

A: Recommended for investment by institutional investors, without reservation

B+: Recommended for investment

B: Recommended for investment, with some reservation

R: Looked-at by consultants, but not to be rated at the present time

N: Not looked at by consultants at all, even though the portfolio managers had entered their data into Mercer's GIMD system and wanted to be rated

9. These ratings are incorporated into investment strategies which are marketed to institutional investors by investment management firms who seek Mercer's ratings. Once Mercer rates them, its clients can see such ratings and then entrust their funds in these rated investment management strategies.

10. Through its ratings and through face-to-face consultative services that Mercer offers to its investor-clients based on such ratings, Mercer directly impacts the investment decisions of its clients. Specifically, Mercer's ratings can influence investors to entrust their funds to certain portfolio managers and their firms, entities for whom Mercer assigned and sold its ratings.

*Mercer Asks Dr. Xanthopoulos to Evaluate its Ratings – The Results are Not Good*

11. Shortly after Dr. Xanthopoulos was hired, Paul Cavalier, one of Dr. Xanthopoulos's superiors, enlisted Dr. Xanthopoulos to perform a study of the efficacy of Mercer Investment Consulting's ratings.

3

12. Dr. Xanthopoulos understood that Mercer would use his study in its marketing materials. In other words, Cavalier wanted Dr. Xanthopoulos to perform a study that Mercer could use to tell its customers that its ratings were accurate, and that Mercer was accurately rating the performance of certain portfolio managers' funds and portfolios.

13. In or about March 3, 2014, Dr. Xanthopoulos completed his study of Mercer's ratings system.

14. For Mercer, the results were not good and were inapposite to Mercer's representations. Specifically, Dr. Xanthopoulos concluded, in sum and substance, that Mercer's ratings were not accurate in that there was *no difference* in the performance of funds that Mercer had rated "A" (recommended) down to "N" (not reviewed) in eight out of the ten universes of portfolios (or "Cases") he studied.

15. Even worse for Mercer, Dr. Xanthopoulos's study also concluded that in two out of ten Cases he reviewed, as Mercer's ratings varied from "A" to "N," the portfolio manager's performance *actually improved.*

16. Dr. Xanthopoulos's negative review of Mercer's rating system caused quite a stir at Mercer. One executive, Paul Cavalier, immediately flew from London to Chicago to shut down Dr. Xanthopoulos's study, which he promptly did.

*Dr. Xanthopoulos Files TCRs with the Securities and Exchange Commission*

17.     Dr. Xanthopoulos was then switched to another position and was advised

by others at Mercer that as a result of his study, Dr. Xanthopoulos's boss (and Paul

Cavalier's subordinate) Bryon Willy ("Willy"), no longer "liked him." In about October

of 2014, Willy advised Dr. Xanthopoulos that he should leave Mercer voluntarily and

that Willy would help him try to find another position, either at Mercer or even at

another company.

18.     Afterwards, Mercer demoted Dr. Xanthopoulos, who continued working

at Mercer.  After it became clear to Dr. Xanthopoulos that Mercer was going to continue

to charge its customers for what Dr. Xanthopoulos considered to be Mercer's false

performance ratings, on August 13, 2015, Dr. Xanthopoulos filed a Tip, Complaint or

Referral ("TCR") with the Securities and Exchange Commission ("SEC"), advising the

SEC of Mercer's conduct.

19.     Dr. Xanthopoulos continued working at Mercer and in early 2016, it

became apparent through conversations among his peers at Mercer that the Securities

and Exchange Commission was investigating Mercer on premises, and was

interviewing Willy, Cavalier, and Clarke.

*Mercer Harasses, Then Terminates Dr. Xanthopoulos*

20.     In or about mid-2016, Mercer began to write up Dr. Xanthopoulos with

negative performance reviews. In June of 2016 and May of 2017, Mercer submitted him

5

to a "written counseling period," and then wrote him up once again in August of 2017 in what they called Dr. Xanthopoulos's "final warning." On or about October 3, 2017, Mercer terminated Dr. Xanthopoulos. Afterwards, Dr. Xanthopoulos filed several more TCR complaints with the Securities and Exchange Commission.

## Count I – Retaliatory Discharge

21.     As a result of Dr. Xanthopoulos's negative review/statistical study of Mercer's performance ratings, and his refusal to amend this review, Mercer demoted Dr. Xanthopoulos, and then discharged him.

22.     Dr. Xanthopoulos's discharge was in retaliation for his negative review, his dissemination of the same internally, and his filing of the TCR report of August 13, 2015, with the Security and Exchange Commission.

23.     Dr. Xanthopoulos's termination clearly violates a mandated public policy of the State of Illinois, that is its interest in promoting accurate financial information and the protection of its residents from financial harm which would result from Mercer's inaccurate reporting about the efficacy of the ratings it offers and sells to investors.

24.     The individuals or groups that utilized Mercer's ratings to determine how to invest included to future retirees (defined benefit and defined contribution accounts), endowments, foundations, etc.

WHEREFORE, APOSTOLOS XANTHOPOULOS, PhD., plaintiff, respectfully requests that this honorable court enter judgment in his behalf and against defendants in an amount in excess of $50,000, to be determined at trial.

### Count II – Violation of the Illinois Whistleblower Act
### 740 ILCS 174/1 *et. seq.*

1-20.    Plaintiff adopts and realleges the allegations contained in paragraphs 1-20 as though set forth herein.

25.    At all relevant times, there existed an Illinois statute known as the Illinois "Whistleblower Act," 740 ILCS 174/1 et. seq.

26.    The Whistleblower Act provides:

**Sec. 15. Retaliation for certain disclosures prohibited.**
    (a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

    (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.
740 ILCS 174/15

27.    The Whistleblower Act further provides:

**Sec. 20. Retaliation for certain refusals prohibited.**
An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act.
(740 ILCS 174/20)

7

28. As for damages for a violation of the Whistleblower Act, it provides:

**Sec. 30. Damages.**
If an employer takes any action against an employee in violation of
Section 15 or 20, the employee may bring a civil action against the
employer for all relief necessary to make the employee whole, including
but not limited to the following, as appropriate:

(1) reinstatement with the same seniority status that the employee would
have had, but for the violation;
(2) back pay, with interest; and
(3) compensation for any damages sustained as a result of the violation,
including litigation costs, expert witness fees, and reasonable attorney's
fees.
(740 ILCS 174/30)

29. As a result of Dr. Xanthopoulos's negative review of Mercer's

performance ratings, Mercer demoted Dr. Xanthopoulos, and then terminated his

employment.

30. Dr. Xanthopoulos's discharge was in retaliation for his negative review,

his dissemination of the same, and his filing of a TCR report with the SEC.

31. As a result of Dr. Xanthopoulos's termination as set forth above, he was

damaged and herein seeks:

(1) reinstatement with the same seniority status that the employee
would have had, but for the violation;
(2) back pay, with interest; and
(3) compensation for any damages sustained as a result of the
violation, including litigation costs, expert witness fees, and
reasonable attorney's fees.

* 5 0 2 2 5 0 0 2 *

WHEREFORE, APOSTOLOS XANTHOPOULOS, PhD., plaintiff, respectfully requests that this honorable court enter judgment in his behalf and against defendants and grant him: 1) his reinstatement to his former position at Mercer with whatever seniority status that he would have had if he had not been terminated, 2) back pay with interest; 3) compensation for the damages he sustained as a result of the violation, including litigation costs, expert witness fees, and; 4) the reasonable attorney's fees incurred in his prosecution of this action.

Respectfully submitted,

Dated: October 17, 2022

_____

One of the Lawyers for the Plaintiff

Peter S. Stamatis
LAW OFFICES OF PETER S. STAMATIS, PC
33 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
312-606-0045
Peter@StamatisLegal.com
Attorney Code: 33795

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **APOSTOLOS XANTHOPOULOS, PhD,** | |
| Plaintiff, | |
| v. | No.  22-cv-6792 |
| **MARSH & MCLENNAN COMPANIES, INC., D/B/A MERCER INVESTMENT CONSULTING, and MERCER (US), INC.,** | |
| Defendants. | |

**Declaration of Karen Cook**

COMES NOW Karen Cook and, pursuant 28 U.S.C. § 1746, declares as follows:

1.  I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.  I am employed by Marsh & McLennan Companies, Inc. as a People Partner – Health. In my role, I am familiar with the company's personnel records, corporate structure, and subsidiaries, including Mercer (US), Inc.

3.  I have knowledge of the facts set forth herein based upon corporate records that I have reviewed. Such records are maintained in the regular course of business.

4.  Mercer hired Apostolos Xanthopoulos on November 11, 2013.  I have reviewed his offer letter and the starting annual salary listed.  If that starting annual salary were multiplied by five, the resulting sum would exceed $75,000.

5.  Marsh & McLennan Companies, Inc. is a corporation headquartered in the State of New York and incorporated in the State of Delaware.

1

6.      Mercer (US), Inc. is also a corporation headquartered in the State of New York and incorporated in the State of Delaware.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___1___ day of December 2022.

Karen D Cook

2

# EXHIBIT D

**UNITED STATES DEPARTMENT OF LABOR**
**OFFICE OF ADMINISTRATIVE LAW JUDGES**

| | | |
|---|---|---|
| APOSTOLOS XANTHOPOULOS, | : | |
| | : | |
| Complainant, | : | OALJ Case No: 2021-SOX-00017 |
| | : | OSHA Case No: 5-2330-20-046 |
| v. | : | |
| | : | |
| MARSH & MCLENNAN COMPANIES, | : | |
| INC. D/B/A MERCER INVESTMENT | : | |
| CONSULTING, | : | |
| | : | |
| Respondent | : | |
| | : | |

**COMPLAINANT'S INITIAL DISCLOSURES**

Complainant Apostolos Xanthopoulos, submits the following Initial Disclosures pursuant to 29 C.F.R. §

18.50(c)(1) and the May 20, 2021 Notice of Assignment, Notice of Hearing, and Prehearing Order:[1]

## I.     FACT WITNESSES

As required by 29 C.F.R. § 18.50(c)(1)(A), Xanthopoulos names the following individuals who are likely to have

discoverable information that Xanthopoulos may use to support his claims:

1      <u>Ainsley Borel</u>

Upon information and belief, Borel can be contacted as follows:
Title: Consultant Relations Manager
Firm: Capital Group
Address: Redacted
Work: Redacted
Main Address: Redacted
Email: ainsley.borel@thecapitalgroup.com
Cell: Redacted , Home Redacted

Ainsley Borel has knowledge about Dr. Xanthopoulos's work at Mercer, Mercer's suspicions
regarding Dr. Xanthopoulos's whistleblowing activity, the circumstances surrounding Dr.
Xanthopoulos's termination, and information related to portions of Dr. Xanthopoulos's job search
process and related blacklisting.

2      <u>Andrei Egorov</u>
Upon information and belief, Egorov can be contacted as follows:

---

[1] Respondent falsely charges complainant as incorrectly naming Respondent in the caption. Complainant has repeatedly
communicated to Respondent, that this incorrect naming originated elsewhere, not by Complainant.

Title: Senior Managing Director, Financial Risk Management (FRM)
Firm: Charles Schwab
Address: Redacted
Direct Line: Redacted
Email: Redacted
Cell: Redacted , Home: Redacted

Egorov has information regarding Dr. Xanthopoulos's job search and attempts by Mercer to blacklist Dr. Xanthopoulos.

3     <u>Bryon Willy</u>
Upon information and belief, Willy can be contacted as follows:
Title: Director of Global Client Group to Focus on Outsourced CIO (now: Senior Relationship Manager, Consultant)
Firm: Deutsche Asset & Wealth Management
Address: Redacted
City: Redacted
Main Line: Redacted
Email: Redacted
Cell: Redacted , Home: Redacted

Willy has knowledge of Dr. Xanthopoulos's employment while at Mercer, Dr. Xanthopoulos's employer's suspicions that Dr. Xanthopoulos was communicating with the SEC, and circumstances surrounding Dr. Xanthopoulos's termination along with portions of his subsequent job search.

4     <u>Daniel Natale</u>
Upon information and belief, Natale can be contacted as follows:
Title: Asset Class Specialist, Fixed Income Boutique
Firm: Mercer
Address: Redacted
City: Redacted
Main Line: Redacted
Email: Redacted
Cell: Redacted , Home: Redacted

Natale has information regarding Dr. Xanthopoulos's blacklisting and efforts made to block Dr. Xanthopoulos from obtaining subsequent employment.

5     <u>Juan Espina</u>
Upon information and belief, Espina can be contacted as follows:
Title: Managing Director, Financial Forecasting and Analysis
Firm: Federal Home loan Bank of San Francisco
Address: Redacted
City: Redacted
Direct Line: Redacted
Email: Redacted
Cell: Redacted , Home: Redacted

Espina has knowledge of the circumstances surrounding Dr. Xanthopoulos's termination and Mercer's subsequent attempts to prevent Dr. Xanthopoulos from obtaining employment.

6       <u>Mark Raaberg</u>
        Upon information and belief, Raaberg can be contacted as follows:
        Title: ALM Product Manager
        Firm: Polypaths
        Address: Redacted
        City: Redacted
        Direct Line: Redacted
        Email: Redacted
        Cell: Redacted , Home: Redacted

        Raaberg has information regarding Dr. Xanthopoulos's employment and the circumstances
        surrounding his subsequent termination. Raaberg has further information regarding Mercer's
        suspicions of Dr. Xanthopoulos's whistleblowing activities and Mercer's attempts to prevent Dr.
        Xanthopoulos from obtaining subsequent employment.

7       <u>Michelle Reuter</u>
        Upon information and belief, Michelle Reuter can be contacted as follows:
        Title: Director, Global Client Group
        Firm: DWS Investments
        Address: Redacted
        City: Redacted
        Direct Line: Redacted
        Email: Redacted
        Cell: Redacted , Home: Redacted

        Reuter has information regarding Dr. Xanthopoulos's employment. Reuter has further information
        regarding Mercer's suspicions regarding Dr. Xanthopoulos's whistleblowing activities and Mercer's
        attempts to prevent Dr. Xanthopoulos from obtaining subsequent employment.

8       <u>Romain Ramora</u>
        Upon information and belief, Romain Ramora can be contacted as follows:
        Title: Head of Data Science and Innovation
        Firm: CISCO
        Address: Redacted
        City: Redacted
        Direct Line: Redacted
        Email: Redacted
        Cell: Redacted

        Ramora has information regarding Dr. Xanthopoulos's job search and attempts by Mercer to blacklist
        Dr. Xanthopoulos.

9       <u>Adela Ghinet</u>
        Upon information and belief, Adela Ghinet can be contacted as follows:
        Title: Senior Investment Analyst
        Firm: Jackson Investment Management
        Address: Redacted
        City: Redacted
        Direct Line: Redacted
        Email: Redacted
        Cell: Redacted , Home: Redacted

Ghinet has information regarding attempts by Mercer to blacklist Dr. Xanthopoulos.

10   <u>Tessa Shakon</u>
     Upon information and belief, Tessa Shakon can be contacted as follows:
     Title: Vice President, Investor Relations
     Firm: Ridgemont Equity Partners
     Address: <span style="background:black">Redacted</span>
     City: <span style="background:black">Redacted</span>
     Direct Line: <span style="background:black">Redacted</span>
     Email: <span style="background:black">Redacted</span>
     Cell: <span style="background:black">Redacted</span>

     Shakon has information regarding documented internal attempts by Mercer to blacklist Dr. Xanthopoulos.

11   <u>Mary-Catherine McRoskey</u>
     Upon information and belief, Mary-Catherine McRoskey can be contacted as follows:
     Title: Director of eCommerce
     Firm: Accelerated Digital Media
     Address: <span style="background:black">Redacted</span>
     City: <span style="background:black">Redacted</span>
     Direct Line: <span style="background:black">Redacted</span>
     Email: <span style="background:black">Redacted</span>
     Home: <span style="background:black">Redacted</span>

     McRoskey has information regarding attempts by Mercer to blacklist Dr. Xanthopoulos.

12   <u>Jamie Eckert</u>
     Upon information and belief, Jamie Eckert can be contacted as follows:
     Title: US Head of Client Service
     Firm: Willis Towers Watson
     Address: <span style="background:black">Redacted</span>
     City: Chicago, <span style="background:black">Redacted</span>
     Direct Line: <span style="background:black">Redacted</span>
     Email: <span style="background:black">Redacted</span>
     Cell: <span style="background:black">Redacted</span> , Home: <span style="background:black">Redacted</span>

     Eckert has information regarding attempts by Mercer to blacklist Dr. Xanthopoulos. Eckert also has information on the reasons behind Mercer's attempts to blacklist Dr. Xanthopoulos.

13   <u>Peter Willett</u>
     Upon information and belief, Peter Willett can be contacted as follows:
     Title: Principal
     Firm: Mercer (Marsh & McLennan)
     Address: <span style="background:black">Redacted</span>
     City: <span style="background:black">Redacted</span>
     Direct Line: <span style="background:black">Redacted</span>
     Email: <span style="background:black">Redacted</span>
     Cell: <span style="background:black">Redacted</span> , Home: <span style="background:black">Redacted</span>
     Willett has information regarding attempts by Mercer to blacklist Dr. Xanthopoulos. Willett also has information on the reasons behind Mercer's attempts to blacklist Dr. Xanthopoulos.

14 <u>Ahmed Abdul-Jaleel</u>
Upon information and belief, Ahmed Abdul-Jaleel can be contacted as follows:
Title: Assistant Director
Agency: U.S. Securities and Exchange Commission
Address: Redacted .
City: Redacted
Direct Line: Redacted
Email: Redacted

Abdul-Jaleel has information regarding the SEC's investigation of Mercer after Xanthopoulos filed his TCR on August 2015.

15 <u>Jack McCreery</u>
Upon information and belief, Jack McCreery can be contacted as follows:
Title: Senior Counsel
Agency: U.S. Securities and Exchange Commission
Address: Redacted
Direct Line: Redacted
Email Redacted

McCreery has information about the investigation of Mercer as a result of Xanthopoulos's communication with the Securities and Exchange Commission (SEC).

## II. DOCUMENTS

As required by 29 C.F.R. §18.50(c)(1)(i)(B), Dr. Xanthopoulos lists the following documents that it has its

possession, custody, or control and may use to support its claims or defenses:

1. Communications sent to Dr. Xanthopoulos regarding his potential employment with Mercer.

2. Details of a study completed by Dr. Xanthopoulos demonstrating misconduct by Mercer along with communications related to this study between Mercer and Dr. Xanthopoulos.

3. Communications sent by Mercer to Dr. Xanthopoulos regarding his role and performance, along with Dr. Xanthopoulos's subsequent responses.

4. Tip, Complaint, and Report forms ("TCR"s) filed by Dr. Xanthopoulos with the SEC regarding Mercer's financial misconduct.

5. Documents and related communications submitted by Dr. Xanthopoulos in search of subsequent employment.

6. Communications received by Dr. Xanthopoulos during his employment at Mercer from portfolio managers seeking to have their investment portfolios reviewed and evaluated.

### III.    DAMAGES

Since his termination, Dr. Xanthopoulos has experienced a reduction in salary, resulting in $868,082.05. It is anticipated that Dr. Xanthopoulos will never be able to find a job in the industry again. The anticipated income loss due to Mercer's blacklisting and Dr. Xanthopoulos's subsequent decrease in salary is estimated at $1,302,165.48.

In total, his damages are: $2,170,247.53.

Dated: June 22, 2021

Apostolos Xanthopoulos, Ph.D.

`[Redacted]`

`[Redacted]`, IL `[Redacted]`

`[Redacted]` Cell

`[Redacted]` Home

I, Apostolos Xanthopoulos, hereby certify that on June 22, 2021, I served the above augmented Initial Disclosures via email on the following:

Edward. T. Ellis (Eellis@littler.com)

Alexa J. Laborda Nelson (ALabordaNelson@littler.com)

Littler Mendelson, P.C.

Three Parkway

1601 Cherry Street, Suite 1400

Philadelphia, PA 19102-1312

With courtesy copy to:

Alison G. Smith `[Redacted]`

# EXHIBIT E

# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

Case Information for Case Number: **2022L008868**

Search Again

| Case Number | Calendar | Date Filed | Division |
|---|---|---|---|
| 2022L008868 | LCALT | 09/30/2022 | District 1 |

| Plaintiff(s) | Case Type | Defendant(s) | Attorney |
|---|---|---|---|
| APOSTOLOS XANTHOPOULOS | Whistleblower - Jury | MARSH & MCLENNAN COMPANIES, INC., D/B/A MERCER INVESTMENT CONSULTING MERCER (US), INC. | PETER STAMATIS |

**Case Activities:**

| Activity Date: | 11/07/2022 | Event Desc: | Summons Served - Corporation/Company/Business | Comments: | Sheriff ID: 50225002, UNKNOWN LITIGANT Sheriff Filename: 2022L00886850225002.pdf |
|---|---|---|---|---|---|

| Activity Date: | 11/07/2022 | Event Desc: | Summons Served - Corporation/Company/Business | Comments: | Sheriff ID: 50225003, UNKNOWN LITIGANT Sheriff Filename: 2022L00886850225003.pdf |
|---|---|---|---|---|---|

| **Activity Date:** | 11/04/2022 | **Event Desc:** | Postcard Generated | **Comments:** | |

| **Activity Date:** | 11/04/2022 | **Event Desc:** | Postcard Generated | **Comments:** | |

| **Activity Date:** | 11/04/2022 | **Event Desc:** | Postcard Generated | **Comments:** | |

| **Activity Date:** | 11/04/2022 | **Event Desc:** | Postcard Generated | **Comments:** | |

| **Activity Date:** | 11/04/2022 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 11/04/2022 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 10/17/2022 | **Event Desc:** | Amended Complaint Filed | **Comments:** | Amended Complaint |

| **Activity Date:** | 10/17/2022 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons - Issued And Returnable upon Mercer Investment Consulting |

| **Activity Date:** | 10/17/2022 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons - Issued And Returnable upon Mercer (US), Inc. |

| **Activity Date:** | 09/30/2022 | **Event Desc:** | New Case Filing | **Comments:** | |

| **Activity Date:** | 09/30/2022 | **Event Desc:** | Whistleblower Complaint Filed (Jury Demand) | **Comments:** | Complaint - Whistleblower (Jury - 12) |

Please Note: If data does not appear in a specific field, we likely do not have the responsive data in our master database. If you have reason to believe there is an error, please contact the Internet Court Call Help Line at 312.603.4357.

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **APOSTOLOS XANTHOPOULOS, PhD,** | |
| Plaintiff, | Case No.   22-cv-6792 |
| v. | Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2022 L 008868 |
| **MARSH & MCLENNAN COMPANIES, INC., D/B/A MERCER INVESTMENT CONSULTING, and MERCER (US),INC.,** | |
| Defendant. | |

**<u>NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL</u>**

To:     Peter S. Stamatis, Esq.
        Law Offices of Peter S. Stamatis, PC
        33 North LaSalle Street, Suite 2000
        Chicago, Illinois 60601

PLEASE TAKE NOTICE that on December 2, 2022, Defendants Marsh & McLennan Companies, Inc., and Mercer (US), Inc.,[1] by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2022 L 008868.

---

[1] The complaint incorrectly states that Mercer Investment Consulting LLC is a d/b/a of Marsh & McLennan Companies, Inc. Defendants intend to move to amend the caption.

A copy of that Complaint was filed with the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

Dated: December 2, 2022                                    Respectfully Submitted,


                                                          */s/ Shanthi V. Gaur*_____

Shanthi V. Gaur, IL Bar No. 06224996
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
sgaur@littler.com

Edward T. Ellis, PA Bar No. 23680
Alexa J. Laborda Nelson, PA Bar No. 314652
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131
eellis@littler.com
alabordanelson@littler.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Shanthi V. Gaur, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on December 2, 2022:

Peter S. Stamatis, Esq.
Law Office of Peter S. Stamatis, PC
33 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Peter@StamatisLegal.com


*/s/ Shanthi V. Gaur*
One of Defendants' Attorneys

# EXHIBIT G

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

APOSTOLOS XANTHOPOULOS, PhD,

        Plaintiff,

    v.

MARSH & MCLENNAN COMPANIES,
INC., D/B/A MERCER INVESTMENT
CONSULTING, and MERCER (US), INC.,

        Defendants.

No. 2022L008868

## **DEFENDANTS' NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that on December 2, 2022, Defendants Marsh & McLennan

Companies, Inc., and Mercer (US), Inc.,[1] filed the attached Notice of Removal with the United

States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441 and

1446.

**PLEASE TAKE FURTHER NOTICE** that the filing of said Notice of Removal in

Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal

of this Action in accordance with 28 U.S.C. § 1446.

Dated: December 2, 2022          Respectfully submitted,

                            /s/ Shanthi V. Gaur
                            By Their Attorneys

---

[1] The complaint incorrectly states that Mercer Investment Consulting LLC is a d/b/a of Marsh & McLennan Companies, Inc. Defendants intend to move to amend the caption.

Shanthi V. Gaur, IL Bar No. 06224996
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
sgaur@littler.com

Edward T. Ellis, PA Bar No. 23680
Alexa J. Laborda Nelson, PA Bar No. 314652
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131
eellis@littler.com
alabordanelson@littler.com

Firm I.D. No. 34950

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Shanthi V. Gaur, hereby certify that on this 2nd day of December 2022, I filed the foregoing

***Notice to State Court of Notice of Removal*** with the Clerk of the Court, using the court's CM/ECF

system, and to be served by electronic mail and U.S. Mail upon the following:

Peter S. Stamatis, Esq.
Law Offices of Peter S. Stamatis, PC
33 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Peter@StamatisLegal.com

*Attorney for Plaintiff Apostolos Xanthopoulos*

_____*/s/ Shanthi V. Gaur*_____
Shanthi V. Gaur